Dear Mayor Petitjean:
In response to your inquiry of recent date, note first that the City Attorney for Rayne holds his appointed office by virtue of LSA-R.S. 33:386(C), providing:
 C. The mayor, subject to confirmation by the board of aldermen, may appoint and fix compensation for an attorney at law for the municipality, whose duties in such capacity may include representation of all municipal officers as defined by LSA-R.S. 33:381(A) in actions against them in connection with and arising out of their functions as such officers, and other duties as prescribed by the mayor. The municipality may also employ counsel to represent its interest should the occasion require.
Further, the city attorney holds his position on a part-time basis. See LSA-R.S. 42:62(5), providing:
 (5) "Part-time" means the period of time which a person normally works or is expected to work in an appointive office or employment which is less than the number of hours of work defined in this Section as full-time.
The position of City Judge constitutes local elective office. The portion of the Dual Officeholding and Dual Employment concerning prohibitions would technically allow this arrangement, as the law permits the simultaneous holding of local elective office and part-time appointive office. Despite the foregoing, we find the concurrent holding of these positions is a violation of LSA-R.S. 42:64(A)(4), providing:
§ 64. Incompatible offices
 A. In addition to the prohibitions otherwise provided in this Part, no other offices or employments shall be held by the same person in combination if any of the following conditions are found to pertain and these prohibitions shall exist whether or not the person affected by the prohibition exercises power in conjunction with other officers.
* * * * *
 (4) The incumbent of one office, whether or not in conjunction with fellow officers, or employment is required by law to execute orders and follow directions given by the incumbent of the other office or employment.
The City Attorney would of course be required to follow the orders of the presiding City Judge. Accordingly, if elected to the bench, your present City Attorney may not legally retain his position as City Attorney.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ___________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
Date Received: Date Released: July 23, 1996
KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL